**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILFREDO ALICEA FIGUEROA,

Plaintiff,

v.

CASE NO.:

U.S. DEPARTMENT OF LABOR;
OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION

Defendants.

_______________________________ /

**COMPLAINT AND REQUEST FOR IN CAMERA INSPECTION**

Plaintiff, WILFREDO ALICEA FIGUEROA, by and through the undersigned counsel, sues the Defendant, U.S. DEPARTMENT OF LABOR; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, and alleges as follows:

**PARTIES**

1. At all times material, Plaintiff, WILFREDO ALICEA FIGUEROA, was a resident of Polk County, Florida and was lawfully present at 22 Nucor Drive, Frostproof, Florida 33843, a steel mill owned by, NUCOR STEEL FLORIDA INC, (hereinafter "steel mill"). The Plaintiff, WILFREDO ALICEA FIGUEROA, was crushed by a front loader driven by JOSE VAZQUEZ, who was an employee of

TMS INTERNATIONAL FROSTPROOF SERVICES, LLC at the time of the incident.

2. Defendant U.S. DEPARTMENT OF LABOR; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION is an agency of the United States government with an office at 5807 Breckenridge Parkway Suite A Tampa, FL 33602

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, as this action arises under the laws of the United States, specifically the Freedom of Information Act, 5 USCS § 552.

4. All the events in this case occurred within the venue of the Middle district of Florida.

## STATEMENT OF FACTS

6. On November 18, 2025, Plaintiff submitted a request under the Freedom of Information Act to Defendant.

7. Plaintiff requested the following information stemming from the subject workplace accident occurring on 7/3/25:

a. OSHA-1. OSHA Inspection Report/Violation Worksheet (Formerly OSHA-1B Worksheet)

b. Safety Narrative. Inspection Report (Formerly OSHA – 1A, Inspection Narrative Report)

c. Violation Worksheet

d. Citations

e. Settlement Agreement

f. Investigation Report.

8. Plaintiff's request reasonably described the records sought. Plaintiff’s request is attached as **Exhibit 1** to this Complaint.

9. The request was made in accordance with the agency's published rules regarding time, place, fees, and procedures.

10. The records requested are agency records subject to the FOIA.

11. On February 13, 2026, Defendant partially denied Plaintiff's request on the grounds that

a. Exemption 4 protects “trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential.” 5 U.S.C. § 552(b)(4).

b. Exemption 5 of FOIA allows an agency to withhold “inter-agency or intra-agency” information that would not be available to a party in litigation with the agency. 5 U.S.C. § 552(b)(5).

c. Exemption 7(C) permits an agency to withhold information contained in files compiled for law enforcement purposes if production “could

reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

d. Exemption 7(D) protects from disclosure information that reasonably could be expected to identify persons or entities providing data to the government in confidence or under circumstances implying confidentiality. 5 U.S.C. § 552(b)(7)(D).

12. Plaintiff contends that the partial compliance is without merit on the following grounds:

a. Pages 10–13 and 43 are almost entirely replaced with a single notation: "(b) (5)." These pages contain factual narrative preceding the redaction blocks, demonstrating that OSHA withheld factual information, not deliberative content. FOIA Exemption (b)(5) applies only to "inter-agency or intra-agency memorandums or letters" that would be privileged in litigation, including deliberative, pre-decisional opinions. It does not allow factual information to be withheld.

b. Page 7 contains a redaction in the sentence describing participants in the opening conference. OSHA again provides no exemption and therefore no lawful basis for withholding the identity of the second individual participating in the conference.

c. On Page 30, OSHA lists: "(b)(7)(C), (b)(7)(D)." However, OSHA does not link either exemption to any specific withheld content on the page.

d. FOIA mandates that agencies release "any reasonably segregable portion of a record" after removing exempt information. 5 U.S.C. § 552(b). Agencies must show with reasonable specificity that no segregable, non-exempt information remains. Courts require agencies to provide a segregability statement. *See Armstrong v. Executive Office of the President*, 97 F.3d 575 (D.C. Cir. 1996). OSHA has provided none.

e. In the SJP, OSHA redacted information in the top-left header block without citing any FOIA exemption, which violates the requirement that agencies "identify the exemption" relied upon for each withholding. 5 U.S.C. § 552(a)(8)(A)(i). *See also Vaughn, 484 F.2d* at 826 (each deletion must be correlated to a specific exemption).

f. OSHA also redacted the "Prepared By" field using Exemption (b)(7)(C). Exemption (b)(7)(C) applies only to "records or information compiled for law enforcement purposes" a threshold requirement that is not met here. The SJP is a corporate safety manual created by

TMS International long before OSHA's inspection. It is not a law-enforcement record, making (b)(7)(C) legally inapplicable.

## CLAIM FOR RELIEF

### Count I - Violation of 5 USCS § 552 against Defendant U.S. DEPARTMENT OF LABOR; OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 and all subparts as if fully set forth herein.

15. Defendant is a federal agency subject to FOIA.

16. Plaintiff submitted a request for records to Defendant.

17. The request reasonably described the records sought.

18. Defendant acknowledged retrieval of the requested records as they were able to locate them.

19. The request was made in accordance with Defendant's published rules.

20. The records requested are agency records subject to disclosure under FOIA.

21. Defendant has improperly partially withheld the requested records.

22. Defendant has cited improper application of exemptions.

23. The aforementioned exemptions do not apply or were improperly invoked.

24. Plaintiff has exhausted all required administrative remedies.

25. The Plaintiff has filed administrative appeals to no avail.

26. Plaintiff has no adequate remedy at law and will suffer irreparable harm if the requested records are not produced.

27. As a result of Defendant's violation of federal FOIA, Plaintiff has been denied access to records to which Plaintiff is entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Conduct an in camera inspection of the subject records to determine which portions thereof were inappropriately withheld.

2. Issue a declaratory judgment that Defendant has violated 5 USCS § 552/ Fla. Stat. § 119.01 by improperly withholding the requested records.

3. Issue an injunction ordering Defendant to immediately produce all requested records to Plaintiff, except for any portions that are properly exempt from disclosure.

4. Issue an injunction ordering Defendant to conduct a search for all records responsive to Plaintiff's request and to produce a Vaughn index or privilege log identifying any records withheld and the specific exemptions claimed.

5. Award Plaintiff reasonable attorney's fees and costs pursuant to 5 USCS § 552.

6. Grant such other relief as the Court deems just and proper.

*[signature appears on the following page.]*

Dated this 17th day of August, 2026.

Respectfully submitted,

***/s/Luis G. Figueroa***

Luis G. Figueroa, Esquire
FBN: 294268
Ligori & Ligori
Attorneys at Law
1711 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: (813) 254-7119
Attorneys for Plaintiff
litserv@callmeonmycell.com
LFigueroa@callmeonmycell.com